# EXHIBIT C – DECLARATION OF PHILLIP W. BRAITHWAITE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STUDENT RESOURCE CENTER, LLC, | ) |
| *Plaintiff*, | ) ) ) **DEMAND FOR JURY TRIAL** |
| v. | ) ) Case No. |
| EASTERN GATEWAY COMMUNITY COLLEGE, | ) ) ) |
| *Defendant*. | ) |

### DECLARATION OF Phillip W. Braithwaite

STATE OF TEXAS

: ss.

COUNTY OF TRAVIS

I, Phillip W. Braithwaite, being first duly sworn, deposes and states as follows:

1. I am an individual currently residing in the State of Texas and am over the age of 18 years. I have personal knowledge of the facts stated herein and am competent to testify with respect to them.

2. I submit this affidavit in support of Student Resource Center, LLC's ("SRC") Motion for a Preliminary Injunction filed with the Court in this case.

3. I have read, and I am familiar with the Collaboration Agreement dated June 30, 2017, as amended on or around October 2019 and February 1, 2021 (collectively, the "Agreement"), which remains in force until at least June 30, 2027. A copy of the Agreement is attached to the brief in support of the motion as Exhibit B.

1

4. SRC's mission is to provide support to students in order to attain their educational goals through an online curriculum with little to no student debt. To accomplish this goal, SRC partners with higher education institutions in the development and marketing of online courses and programs for unions and other professional associations in light of the substantial costs and debt burden associated with traditional four-year degrees.

5. More specifically, SRC provides a number of services to partnering schools, including: ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

6. SRC also partners with unions and other professional associations to provide the educational programs offered by SRC's partnering schools on a free or heavily discounted basis as a benefit of union or association membership. Further, if a union or association member is interested in one of the educational programs offered by a collaborating school, SRC provides that prospective student with guidance and support during the application and enrollment processes, as well as ongoing mentoring and other services post-enrollment. SRC's services and relationships with union partners significantly reduce the cost barriers to traditional education offerings and enable EGCC's students to complete their degrees with little to no debt.

7. EGCC is an Ohio-based, public-institution of higher learning founded in 1968. EGCC offers associate degrees and certificates in numerous areas, and it conducts classes online and in person in its Youngstown, Ohio and Steubenville, Ohio campuses.

8. SRC and EGCC entered into the Agreement ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

9. As a result of SRC's efforts through the Agreement, EGCC's enrollment has grown from approximately 5,549 students in Fall Semester 2016 to over 42,500 students in the Fall Semester 2021. As a result of the collaboration's success, and through its contractual arrangements with EGCC, SRC has generated millions of dollars in revenue while simultaneously promoting access to higher education for tens of thousands of students.

10. EGCC is currently SRC's primary institutional partner, which represents 95% of SRC's revenues as of June 1, 2022.

11. In March of 2022, SRC terminated its CEO, Michael Perik for engaging in questionable conduct related to the sale of SRC (effective April 1, 2022). Further SRC put executives Nicole Rowe Colclasure, John Hasley, and Daniel Jones on probation. Shortly thereafter, those executives resigned.

12. SRC chose me to replace Mr. Perik. I am an experienced, multi-time CEO. I have extensive experience in managing education (and more specifically online education aimed at non-traditional learners) and technology-enabled businesses.

13. SRC quickly hired other highly qualified executives to support SRC's operations. For example, SRC hired Cecilia Retelle Zywicki as SRC's Chief of Staff. Ms. Retelle Zywicki previously worked as the Chief Operating Officer at PresenceLearning, a leading provider of live online special education-related services. SRC hired Pete Schatschneider as SRC's Senior Vice President of Marketing. Mr. Schatschneider had

3

previously worked for over 15 years at Bisk Education designing infrastructure solutions to online higher-education institutions.  In addition, SRC hired Erika Kotterer as SRC's Vice President of Student Operations.  Ms. Kotterer worked previously as the Assistant Vice President of Admissions at Southern New Hampshire University.  SRC also hired Cecil Banhan as SRC's Vice President of Partnership Development.  Mr. Banhan previously worked in that same role for All Campus.

14. On May 12, 2022, EGCC, served a notice on SRC (the "Notice," incorrectly dated May 10, 2022) falsely claiming that SRC was in material breach of the Agreement because of "unilateral decisions regarding [SRC's] executive management team."  I have read, and I am familiar with the Notice – a copy of which is attached to the brief in support of the motion as Exhibit D.  Specifically, EGCC took issue with SRC's decision to terminate Perik and claimed that his termination "led to the departure of other leadership team members" who resigned shortly after Perik's termination.  It even went so far as to claim that "SRC unilaterally removed these individuals…" and claimed that SRC was in material breach as a result.

15. If EGCC is permitted to terminate the Agreement under the terms of the Notice, the Agreement will expire July 11, 2022.

16. On May 20, 2022, SRC responded to the Notice explaining that Perik's removal as CEO could not constitute a breach of the Agreement ("the Response").  I have read, and I am familiar with the Response – a copy of which is attached to the brief in support of the motion as Exhibit E.  After SRC served the Reponse, EGCC's president, Michael J. Perik, contacted union leaders to indicate EGCC's intent to terminate the Agreement with SRC.

4

17. Since serving the Notice on SRC on May 12, 2022, and further since SRC's response thereto, EGCC has made no efforts to resolve the dispute ███████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████.

18. EGCC has withheld both reimbursements ████████████████████ ████████████████████████████████████████████████.

19. SRC provided EGC invoices for its operating expenses on each of May 5, 2022 ████████ May 19, 2022 ████████ June 3, 2022 ████████ and June 22, 2022 ████████ totaling an unpaid balance of ████████ yet no payment was made.

20. The summer 2021 Semester ended on August 1, 2021, and the fall 2021 semester ended on December 12, 2021, yet SRC has not received a formal reconciliation on which both parties signed off for either semester.

21. Furthermore, I am familiar with SRC's and EGCC's process for reconciliation, and based on SRC's calculations, EGCC owes ████████████████ ████████████████ to SRC related to prior terms.

22. All told, EGCC has wrongfully withheld payments of over ████████ due and owed to SRC under the Agreement in order to induce SRC's consent to its wrongful termination attempts.

23. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████.

24. It is my belief that EGCC's refusal to pay the funds owed to SRC is intended to induce SRC to consent to EGCC's improper attempts to terminate the Agreement and, ultimately, part of EGCC's scheme to usurp SRC business opportunities under the Agreement by setting up a new partnership directly with SRC's union partners.

25. Recently, I learned that Geoghegan announced during all-EGCC employee meetings ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████

26. Despite the fact that the Agreement remains in full force and effect, ███ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████

27. On June 10, 2022, I was informed via email that ███████████████ ███████████████████████████████████████

28. On our around June 28, 2022, three of SRC's union partners ███████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ █████████████████

29. It is my belief that EGCC has withheld the funds owed to SRC under the

6

Agreement in a misguided attempt to induce SRC's consent to its improper termination █

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ As EGCC is its primary partner and accounts for 95% of its revenue, timely payments from EGCC are needed to sustain SRC's business operations.

30. EGCC's actions have already caused incalculable harm to SRC's business relations with union partners. In June of 2022, ████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████

31. If SRC's union partners are ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████

32. Perhaps most importantly, ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████

33. I reviewed the Brief in Support of SRC's Motion for a Preliminary Injunction and as the factual matters set forth in the Brief, those matters are true and accurate to the best

7

of my belief.

**FURTHER DECLARANT SAYETH NOT.**

/s/ Phillip W. Braithwaite
Phillip W. Braithwaite