# EXHIBIT E – RESPONSE



**BARNES & THORNBURG LLP**

41 S. High Street, Suite 3300
Columbus, OH 43215-6104 U.S.A.
(614) 628-0096
Fax (614) 628-1433

www.btlaw.com

C. David Paragas
(614) 628-1407
david.paragas@btlaw.com

May 20, 2022

**VIA U.S. Mail and Electronic Mail**

Victoria Ferrise
Brennan Manna Diamond
250 Civic Center Drive, Suite 300
Columbus, Ohio 43215
vlferrise@bmdllc.com
330-374-5184

Re: *Eastern Gateway Community College Correspondence Dated May 10, 2022*

Dear Ms. Ferrise:

Please find this letter in response to the correspondence from Michael Geoghegan on behalf of your client, Eastern Gateway Community College ("EGCC"), which was dated May 10, 2022. Student Resource Center, LLC ("SRC") remains just as committed today to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as much as it did when the Parties entered into the Agreement[1] on June 30, 2017. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

EGCC's correspondence claims that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Neither of EGCC's assertions are properly based in law or fact.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Capitalized terms that are undefined will adopt the same meaning from EGCC's May 10, 2022 correspondence.

Victoria Ferrise
May 20, 2022
Page 2

███████████████████████████████████████████████████████████████████ Although the Agreement does not define "material breach," courts generally interpret that term to mean "a party's failure to perform an element of the contract that is so fundamental to the contract that the single failure to perform defeats the essential purpose of the contract or makes it impossible for the other party to perform." *O'Brien v. Ohio State Univ.*, 10th Dist. Franklin No. 06AP-946, 2007-Ohio-4833, ¶ 56, quoting 23 WILLISTON ON CONTRACTS, Section 63:3; ████

████████ The determination of whether a party's breach of a contract was a "material breach" is generally a question of fact. *Id.* at ¶ 11.

Here, EGCC contends that SRC's decision to remove one of ***its own*** employees, Michael Perik, from the position of CEO constitutes a material breach of the Agreement. The retention of Mr. Perik as CEO, however, was never "an element of the [Agreement]" let alone one that was "so fundamental to the contract" that his removal "defeats the essential purpose of the contract or makes it impossible for the other party to perform." *See O'Brien*, ¶ 56. On the contrary, Mr. Perik's replacement, Phillip W. Braithwaite, holds extensive prior experience as an executive and SRC continues to meet its duties under the Agreement.

In fact, the Agreement implies the opposite of what EGCC claims was a "material breach." ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, removing Mr. Perik as SRC's CEO not only fails to meet the standard required by Ohio law for a "material breach," ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Therefore, the nature of the Collaboration has not changed by and EGCC suffered no harm from SRC's removal of Mr. Perik from his prior position as SRC's CEO.

Based on the above, EGCC does not have a basis for claiming SRC materially breached the Agreement because of SRC's decision to remove Mr. Perik from his prior position as SRC's CEO. I look forward to working with you to resolve this matter.

Very truly yours,

*C David Paragas*

C. David Paragas

cc: Phillip Braithwaite, CEO, Student Resource Center, LLC