UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STUDENT RESOURCE CENTER,

    Plaintiff,

  v.                                  Civil Action 2:22-cv-2653
                                      Chief Judge Algenon L. Marbley
                                      Magistrate Judge Chelsey M. Vascura

EASTERN GATEWAY COMMUNITY
COLLEGE,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Complaint, Motion for Preliminary Injunction, and Exhibits Under Seal. ("Motion," ECF No. 3.) In its Motion, Plaintiff proposes to file under seal unredacted versions of its Complaint and Motion for Preliminary Injunction, of which Plaintiff has already filed redacted versions on the public docket. (*Id.*; ECF Nos. 1–2.) For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has affirmed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v.*

*Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Plaintiff's Motion fails to meet the high standard set forth by the Sixth Circuit. Plaintiff fails to set forth compelling reasons justifying the sealing of documents, asserting only that the documents in question may fall under the confidentiality provision of a Collaboration Agreement between the parties. The parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *White*, 2017 WL 3537233, at *2 (finding the parties' joint motion to file under seal woefully inadequate where they merely asserted that they decided to keep the terms of their settlement confidential); *In re Black Diamond Mining Co., LLC*, No. 15-96, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016) (explaining that the existence of a confidentiality agreement, alone, is not a compelling reason to seal a record). Thus, even when the parties have agreed among themselves to keep the documents confidential, the moving party must provide compelling reasons justifying the sealing of those documents.

For the above-stated reasons, Plaintiff's Motion (ECF No. 3) is **DENIED WITHOUT PREJUDICE**. If either party desires that Plaintiff file its Complaint and Motion for Preliminary Injunction under seal, the proponent of the seal must file a properly supported motion that demonstrates good cause for filing under seal. The parties are cautioned that any forthcoming motions regarding filing documents under seal should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

Plaintiff is **DIRECTED** to immediately serve a copy of this Opinion and Order on Defendant. Any motion to file unredacted versions of the Complaint and Motion for Preliminary Injunction under seal must be filed **WITHIN SEVEN DAYS** of the date of this Order.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE