UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STUDENT RESOURCE CENTER,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-2653 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| **EASTERN GATEWAY COMMUNITY COLLEGE,** | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendant. | : | |

**ORDER SETTING PRELIMINARY INJUNCTION HEARING**

This Order restates the deadlines established at the Local Rule 65.1 conference held Tuesday, July 5, 2022. First, the Court set a hearing on Plaintiff's Motion for a Preliminary Injunction (ECF No. 2), to begin at **9:00 a.m. on Thursday, July 7, 2022.** Counsel for the parties are to appear in Courtroom 1, Room 331 of the U.S. Courthouse located at 85 Marconi Boulevard in Columbus, Ohio. The hearing may not be continued by stipulation of the parties or counsel, but only by an order of the Court on good cause shown. The parties shall exchange witness lists by **5:00 p.m. on Wednesday, July 6.** An appendix outlines the procedures to be followed at the preliminary injunction hearing. Should either party wish to seek consolidation of the preliminary injunction hearing with trial on the merits, that party is requested to file a formal motion.

The Court also set an expedited schedule for written briefs on the preliminary injunction motion. Defendant's response brief is due by **12:00 noon on Wednesday, July 6.** Plaintiff's reply brief is due by **5:00 p.m. on Thursday, July 7.** The focus of the parties' briefing should be the four factors the Court will consider in determining whether a preliminary injunction is warranted: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether issuance of the injunction would

cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 5, 2022**

## APPENDIX

### I.  HEARING PROCEDURES

**Counsel Tables**

Plaintiff will occupy counsel table next to the jury box. Defendant will occupy counsel table across from Plaintiff and, to the extent necessary, the pews in the gallery.

**Appearances**

Counsel will enter their appearance with the Court Reporter and the Courtroom Deputy before the start of the opening session of the hearing.

**Addresses By Counsel**

Counsel will address the Court in the following manner:

    (a)    All addresses to the Court will be made from the lectern facing the Court.

    (b)    Counsel shall stand when addressing the Court for any reason.

**Objections**

Counsel will stand when making an objection and will make the objection directly and only to the Court.

When objecting, state only that you are objecting and the succinct legal basis for your objection. Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court. Either counsel may request a bench conference.

**Decorum**

Colloquy, or argument between counsel, will not be permitted. All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the hearing.

During the hearing, counsel shall not exhibit familiarity with witnesses or opposing counsel and shall avoid the use of first names.

During opening statements and final arguments, all persons at counsel table shall remain seated and be respectful so as not to divert the attention of the Court.

Do not ask the Court Reporter to mark testimony. All requests for re-reading of questions or answers shall be addressed to the Court.

**Demonstrative Evidence**

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the proceeding, they must be exhibited to opposing counsel not later than 5:00 p.m. on the day prior to the hearing. Objections to the same must be submitted to the Court at or prior to the commencement of the hearing. Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of the arguments.

Counsel must supply his/her own easel, flip charts, *etc.*, for the hearing, as needed.

**Exhibits**

Counsel will assemble and mark all exhibits and deliver them to the Courtroom Deputy prior to the commencement of the hearing. Plaintiff's exhibits will bear the letter prefix P followed by Arabic numerals, and Defendant's exhibits will bear the prefix D followed by Arabic numerals.

Counsel should keep a list of all exhibits and should supply the Court, the Courtroom Deputy, and opposing counsel with a copy of the same.

Each counsel is responsible for any exhibits secured from the Courtroom Deputy. At the end of each hearing session, all exhibits shall be returned to the Courtroom Deputy.

The parties shall use three-ring tabbed notebooks for their exhibits, which will be submitted prior to the commencement of the hearing. The parties shall provide one (1) copy of their tabbed exhibit notebook(s) to opposing counsel, and three (3) copies to the Court—one each for the Judge, the Law Clerk, and the Courtroom Deputy (for use at the witness stand).

Exhibits which are produced for the first time during the hearing, as in the case of exhibits used for impeachment, shall be tendered to the Courtroom Deputy for marking and then displayed to opposing counsel.

**Sanctions**

The parties and counsel shall comply fully and literally with this pre-hearing order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. *See* Fed. R. Civ. P. 16(f).

**Final Matters**

This order supersedes all previous orders in this case to the extent of inconsistencies.

The parties shall address questions about this Order to the Court's Law Clerk, Sam Whipple, at (614) 719-3262, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel. Alternatively, the parties may contact the Law Clerk by way of email to Sam_Whipple@ohsd.uscourts.gov, with counsel for all parties carbon-copied, or with fewer than all counsel carbon-copied with express permission of non-participating counsel.