# EXHIBIT D – NOTICE



MICHAEL GEOGHEGAN, PRESIDENT
110 John Scott Highway   mgeoghegan@egcc.edu
Steubenville, OH 43952   (740) 264 - 5591 ext. 1729
United States

May 10, 2022

Avathon Capital
Student Resource Center
401 N. Michigan Avenue, #3300
Chicago, IL 60611

**<u>VIA CERTIFIED MAIL</u>**

**RE**:   Written Notice of Material Breach and Intention to Terminate the Collaboration Agreement, dated June 30, 2017, as amended by that certain Amendment No. 1 to Collaboration Agreement, dated October 2019, as further amended by that certain Amendment No. 2 to Collaboration Agreement, dated February 1, 2021 (collectively, the "Agreement") by and between Eastern Gateway Community College ("EGCC") and Student Resource Center, LLC ("SRC" and, with EGCC, each a "Party" and collectively, the "Parties").

Dear Ms. Vernick and Mr. Keith:

This letter shall constitute Eastern Gateway Community College's ("EGCC") written notice to Student Resource Center, LLC ("SRC") stating that SRC is in material breach of the Agreement. As described below, SRC has fundamentally changed the nature of the Collaboration without proper notice and consultation with EGCC resulting in a material breach of the Agreement.

Pursuant to <u>Section 10.2(b)</u> of the Agreement, EGCC may terminate the Agreement sixty (60) calendar days after written notice of breach is delivered to SRC if the breach is not cured within those sixty (60) days. If SRC is not able to cure its material breach of the Agreement within the Agreement's sixty (60) calendar day cure period, EGCC will plan to terminate the Agreement sixty (60) calendar days after the delivery of this written notice.

The Agreement obligates the Parties to collectively develop, implement, and promote an online strategy defined as the Collaboration (*see* Agreement for definition). <u>Section 2.4(e)</u> of the Agreement states that neither Party may make any material change in the nature of the Collaboration without the prior written consent of each member of the Operating Committee (as defined in <u>Section 2.6</u> of the Agreement). Further, <u>Section 7.8(d)</u> of the Agreement states that a Party shall give prompt notice to the other Party of any fact, event, or change within the Agreement that could reasonably be expected to cause reputational harm to the Collaboration.

As you are aware, SRC has made a number of unilateral decisions regarding its executive management team. In particular, SRC terminated Michael Perik. This termination constituted a breach by SRC which led to the termination of other leadership team members each of whom resigned from their management positions with SRC due to Michael Perik's termination. All of these individuals were part of the SRC management team that was deeply familiar with the terms of the Agreement and the Collaboration's operation and growth. In their management positions, these terminated individuals provided SRC, EGCC, the Agreement, and the Collaboration extensive professional experience with community college education, enrollment, and student support services, connections to external partners who would further the Collaboration and its enrollment of adult learners, and intimate knowledge of the Collaboration's operations and plans for expansion.



By terminating Michael Perik which led to the departure of other leadership team members, SRC has materially changed the nature of the Collaboration and has done so without notifying or consulting with the Operating Committee. In executing the Agreement, EGCC relied heavily on these individual's ability to develop, advance, and steer the Collaboration down a successful development and implementation path.

However, SRC unilaterally removed these individuals – individuals whom EGCC specifically relied on – and placed the operation of the Collaboration into the hands of Phillip W. Braithwaite, an executive with substantially less experience in the community college industry. It is reasonable for EGCC to view this as a material change to the nature of the Collaboration – a change that, nonetheless, also required consent from the Operating Committee, which was not obtained.

Further, the appointment of Mr. Braithwaite could reasonably be expected to cause reputational harm to the Collaboration given the previous CEO's experience with EGCC and this program. Mr. Braithwaite's appointment puts the Collaboration into a worse position than the Collaboration was in prior to the termination of Michael Perik and the departure of others. External partners of the Collaboration have already voiced concern to EGCC regarding SRC's new management team's focus on for-profit education rather than community college education, the new management team's lack of experience and ability in servicing high quality online courses and programs, and the new management team's lack of connection to groups with adult learners. Therefore, the unilateral decision to remove the previous management and appoint Mr. Braithwaite could reasonably be expected to harm the Collaboration from a reputational, operational, and developmental standpoint.

Ultimately, SRC is in material breach of the Agreement because of its unilateral decision to terminate members of its management team who were intimately familiar with the Collaboration. This unilateral decision constituted a material change in the nature of the Collaboration, which requires approval from the Agreement's Operating Committee. Because SRC did not obtain the Operating Committee's approval of the material change in the nature of the Collaboration, SRC is in material breach of the Agreement. It is unlikely that SRC will be able to cure this breach because SRC will be unable return the Collaboration's status and reputation back to the original level it was at prior to SRC's unilateral decision to terminate members of its management team.

If you should have any questions or comments, please have your counsel contact Attorney Victoria Ferrise directly at vlferrise@bmdllc.com.

Sincerely,

*Michael Geoghegan*

Michael Geoghegan, President
Eastern Gateway Community College