## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STUDENT RESOURCE CENTER, LLC, | ) | CASE NO. 2:22-CV-2653 |
| | ) | |
| *Plaintiff,* | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE CHELSEY M. |
| | ) | VASCURA |
| EASTERN GATEWAY COMMUNITY | ) | |
| COLLEGE, | ) | **ANSWER AND COUNTERCLAIM OF** |
| | ) | **DEFENDANT** |
| *Defendant.* | ) | |
| | ) | **(JURY DEMANDED)** |

## ANSWER

Now comes the Defendant, Eastern Gateway Community College ("EGCC" or "Defendant"), by and through its undersigned counsel, and for its Answer to the Plaintiff's Complaint, hereby makes the following admissions, denials, and averments:

1. In the response to the allegations in Paragraph 1 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff, which is attached as Exhibit A. However, EGCC denies each and every remaining allegation in this Paragraph of the Plaintiff's Complaint.

2. EGCC is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 2 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in Paragraph 2 of the Plaintiff's Complaint.

3. EGCC is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 3 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph of the Plaintiff's Complaint.

4.      In response to the allegations in Paragraph 4 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves.

5.      In response to the allegations in Paragraph 5 of the Plaintiff's Complaint, EGCC admits that its student enrollment has increased, decreased, and fluctuated over the years. However, EGCC denies each and every remaining allegation in Paragraph 5 of the Plaintiff's Complaint.

6.      EGCC denies each and every allegation in Paragraph 6 of the Plaintiff's Complaint.

7.      EGCC denies each and every allegation in Paragraph 7 of the Plaintiff's Complaint.

8.      EGCC denies each and every allegation in Paragraph 8 of the Plaintiff's Complaint.

9.      EGCC denies each and every allegation in Paragraph 9 of the Plaintiff's Complaint.

10.      EGCC denies each and every allegation in Paragraph 10 of the Plaintiff's Complaint.

11.      EGCC denies each and every allegation in Paragraph 11 of the Plaintiff's Complaint.

12.      EGCC denies each and every allegation in Paragraph 12 of the Plaintiff's Complaint

13.      EGCC denies each and every allegation in Paragraph 13 of the Plaintiff's Complaint

14.  EGCC denies each and every allegation in Paragraph 14 of the Plaintiff's Complaint

15.  EGCC denies each and every allegation in Paragraph 15 of the Plaintiff's Complaint

16.  The allegations in Paragraph 16 of the Plaintiff's Complaint contains legal conclusions regarding damages, to which no response is necessary. To the extent a response it necessary, EGCC denies each and every allegation in this Paragraph of the Plaintiff's Complaint.

17.  EGCC is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 17 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this paragraph of the Plaintiff's Complaint.

18.  EGCC is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 18 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph of the Plaintiff's Complaint.

19.  In response to the allegations in Paragraph 19 of the Plaintiff's Complaint, EGCC admits that it is a nonprofit, incorporated under the laws of the State of Ohio, and operates a branch in Steubenville, Ohio. However, the remaining allegations in this Paragraph contain legal conclusions, to which no response is necessary.

20.  The allegations in Paragraph 20 of the Plaintiff's Complaint contain legal conclusions, to which no response is necessary.

21.  In response to the allegations in Paragraph 21 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff. However, the remaining allegations in this Paragraph contain legal conclusions, to which no response is necessary.

3

22.     The allegations in Paragraph 22 of the Plaintiff's Complaint contain legal conclusions regarding personal jurisdiction, to which no response is necessary.

23.     The allegations in Paragraph 23 of the Plaintiff's Complaint contain legal conclusions regarding venue, to which no response is necessary

24.      In response to the allegations in Paragraph 24 of the Plaintiff's Complaint, the EGCC admits that it entered into a collaboration agreement and that the terms of the agreement speak for themselves.  EGCC avers that it complied with the provisions of its agreement with the Plaintiff.   The remaining allegations in this Paragraph contain an interpretation of the agreement between EGCC and the Plaintiff, to which no response is necessary. To the extent a response is necessary, EGCC denies that it breached the collaboration agreement.

25.     EGCC is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 25 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph of the Plaintiff's Complaint.

26.     EGCC is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 26 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph of the Plaintiff's Complaint.

27.     EGCC is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 27 of the Plaintiff's Complaint regarding whether it is the Plaintiff's primary partner.  However, EGCC admits that it an Ohio non-profit, was founded in 1968, offers degrees and certificates, and conducts classes at its campuses and online.

28.     In response to the allegations in Paragraph 28 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the

collaboration agreement speak for themselves. EGCC, however, denies that its success is exclusively attributable to the collaboration agreement.

29.     In response to the allegations in Paragraph 29 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. EGCC, however, denies that its success is exclusively attributable to the collaboration agreement.

30.     In response to the allegations in Paragraph 30 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. EGCC, however, denies that its success is exclusively attributable to the collaboration agreement.

31.      In response to the allegations in Paragraph 31 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. EGCC, however, denies that its success is exclusively attributable to the collaboration agreement. EGCC also lacks knowledge or information sufficient to form a belief regarding the alleged risk the Plaintiff took to enter into the collaboration agreement or the impact of the collaboration agreement on the Plaintiff. Therefore, EGCC denies these allegations.

32.     EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 32 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

33.      In response to the allegations in Paragraph 33 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. EGCC, however, denies that its success is

5

exclusively attributable to the collaboration agreement and/or that EGCC's Board of Trustees exclusively extended the collaboration agreement because of the success of Plaintiff.

34.    EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 34 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

35.    EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 35 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

36.    The allegations in Paragraph 36 contain legal conclusions or interpretations of law, to which no response is necessary.

37.    EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 37 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

38.    EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 38 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

39.    EGCC denies each and every allegation in Paragraph 39 of the Plaintiff's Complaint.

40.    EGCC denies each and every allegation in Paragraph 40 of the Plaintiff's Complaint.

41.    EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 41 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

42.     EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 42 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

43.     EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 43 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

44.     EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 44 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

45.     EGCC denies each and every allegation in Paragraph 45 of the Plaintiff's Complaint.

46.      EGCC denies each and every allegation in Paragraph 46 of the Plaintiff's Complaint.

47.      EGCC denies each and every allegation in Paragraph 47 of the Plaintiff's Complaint.

48.     EGCC denies each and every allegation in Paragraph 48 of the Plaintiff's Complaint.

49.     In response to the allegations in Paragraph 49 of the Plaintiff's Complaint, EGCC admits that notified the Plaintiff that the Plaintiff breached the collaboration agreement. However, EGCC denies each and every remaining allegation in this Paragraph of the Plaintiff's Complaint.

50.     EGCC denies each and every allegation in Paragraph 50 of the Plaintiff's Complaint.

51.     In response to the allegations in Paragraph 51 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. To the extent the Plaintiff attempts to assert a legal interpretation of the collaboration agreement, EGCC denies the accuracy of any such legal interpretation.

52.     EGCC denies each and every allegation in Paragraph 52 of the Plaintiff's Complaint.

53.     EGCC denies each and every allegation in Paragraph 53 of the Plaintiff's Complaint.

54.     EGCC denies each and every allegation in Paragraph 54 of the Plaintiff's Complaint.

55.     EGCC denies each and every allegation in Paragraph 55 of the Plaintiff's Complaint.

56.     EGCC denies each and every allegation in Paragraph 56 of the Plaintiff's Complaint.

57.     EGCC denies each and every allegation in Paragraph 57 of the Plaintiff's Complaint.

58.     EGCC denies each and every allegation in Paragraph 58 of the Plaintiff's Complaint.

59.     EGCC denies each and every allegation in Paragraph 59 of the Plaintiff's Complaint.

60.     EGCC denies each and every allegation in Paragraph 60 of the Plaintiff's Complaint.

61.     EGCC denies each and every allegation in Paragraph 61 of the Plaintiff's Complaint.

62.     EGCC denies each and every allegation in Paragraph 62 of the Plaintiff's Complaint.

63.     EGCC denies each and every allegation in Paragraph 63 of the Plaintiff's Complaint.

64.     EGCC denies each and every allegation in Paragraph 64 of the Plaintiff's Complaint.

65.     EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 65 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

66.     EGCC denies each and every allegation in Paragraph 66 of the Plaintiff's Complaint

67.     In response to the allegations in Paragraph 67 of the Plaintiff's Complaint, EGCC reasserts its admissions, denials, and averments in response to Paragraph 1-66 of the Plaintiff's Complaint, as if fully rewritten herein.

68.     In response to the allegations in Paragraph 68 of the Complaint, EGCC admits that it provided notice that the Plaintiff breached the collaboration agreement.

69.     In response to the allegations in Paragraph 69 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. To the extent the Plaintiff attempts to assert a legal interpretation of the collaboration agreement, EGCC denies the accuracy of any such legal interpretation.

70.    In response to the allegations in Paragraph 70 of the Plaintiff's Complaint, EGCC admits that the Plaintiff claims it did not breach the collaboration agreement.

71.    EGCC denies each and every allegation in Paragraph 71 of the Plaintiff's Complaint

72.    EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 72 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph.

73.    EGCC denies each and every allegation in Paragraph 73 of the Plaintiff's Complaint.

74.    EGCC denies each and every allegation in Paragraph 74 of the Plaintiff's Complaint.

75.    In response to the allegations in Paragraph 75 of the Plaintiff's Complaint, EGCC reasserts its admissions, denials, and averments in response to Paragraph 1-74 of the Plaintiff's Complaint, as if fully rewritten herein.

76.    In response to the allegations in Paragraph 76 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. To the extent the Plaintiff attempts to assert a legal interpretation of the collaboration agreement, EGCC denies the accuracy of any such legal interpretation.

77.    EGCC denies each and every allegation in Paragraph 77 of the Plaintiff's Complaint.

78.    In response to the allegations in Paragraph 78 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms

of the collaboration agreement speak for themselves. To the extent the Plaintiff attempts to assert a legal interpretation of the collaboration agreement, EGCC denies the accuracy of any such legal interpretation.

79.      In response to the allegations in Paragraph 79 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. To the extent the Plaintiff attempts to assert a legal interpretation of the collaboration agreement, EGCC denies the accuracy of any such legal interpretation.

80.      EGCC denies each and every allegation in Paragraph 80 of the Plaintiff's Complaint.

81.      EGCC denies each and every allegation in Paragraph 81 of the Plaintiff's Complaint.

82.      EGCC denies each and every allegation in Paragraph 82 of the Plaintiff's Complaint.

83.      EGCC denies each and every allegation in Paragraph 83 of the Plaintiff's Complaint.

84.      EGCC denies each and every allegation in Paragraph 84 of the Plaintiff's Complaint.

85.      EGCC denies each and every allegation in Paragraph 85 of the Plaintiff's Complaint.

86.      In response to the allegations in Paragraph 86 of the Plaintiff's Complaint, EGCC reasserts its admissions, denials, and averments in response to Paragraph 1-85 of the Plaintiff's Complaint, as if fully rewritten herein

87.     In response to the allegations in Paragraph 87 of the Plaintiff's Complaint, EGCC admits that it entered into a collaboration agreement with the Plaintiff and that the terms of the collaboration agreement speak for themselves. To the extent the Plaintiff attempts to assert a legal interpretation of the collaboration agreement, EGCC denies the accuracy of any such legal interpretation.

88.     EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 88 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph

89.     EGCC is without sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 89 of the Plaintiff's Complaint. Therefore, EGCC denies each and every allegation in this Paragraph

90.     Defendant denies each and every allegation in Paragraph 90 of the Plaintiff's Complaint.

91.     Defendant denies each and every allegation in Paragraph 91 of the Plaintiff's Complaint.

92.     Defendant denies each and every allegation in Paragraph 92 of the Plaintiff's Complaint.

93.     Defendant denies each and every allegation in Paragraph 93 of the Plaintiff's Complaint.

94.     Defendant denies each and every allegation in Paragraph 94 of the Plaintiff's Complaint.

95.     Defendant denies each and every allegation in Paragraph 95 of the Plaintiff's Complaint.

96.     EGCC denies each and every allegation in any Paragraph in the Plaintiff's

Complaint. not herein specifically admitted being true.

97.     The allegations following Paragraph 95 contain a Prayer to Relief, to which no

response is necessary.  To the extent a response is necessary, EGCC denies that the Plaintiff is

entitled to any such relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      The claims alleged in Plaintiff's Complaint fail and are barred, in whole or in part,

because Plaintiff has materially breached the contract at issue.

3.      The claims alleged in Plaintiff's Complaint fail and are barred, in whole or in part,

because Plaintiff has asserted the claims in bad faith.

4.      The claims alleged in Plaintiff's Complaint fail and are barred, in whole or in part,

because Plaintiff has unclean hands.

5.      The claims alleged in Plaintiff's Complaint fail and are barred, in whole or in part,

by the doctrines of payment, impossibility, impracticability, waiver and/or estoppel.

6.      Without admitting any liability, the claims alleged Plaintiff's Complaint are

barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

7.      Plaintiff's damages, if any, were the direct and proximate result of its own

contributory and/or comparative negligence, thereby barring Plaintiff from recovering relief from

Defendant.

8.      Plaintiff's damages, if any, were the result of intervening and/or superseding

causes and/or its own actions.

9.      One or more of Plaintiff's claims are barred and/or limited by the doctrine of set-off and/or recoupment.

10.     Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or at equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIM

Subject to and without waiving any of the denials and defenses set forth above, Defendant Eastern Gateway Community College ("EGCC" or "Defendant"), by and through undersigned counsel, incorporate by reference its Answer and Affirmative Defenses to the Complaint and hereby submit the following Counterclaims against Plaintiff Student Resource Center, LLC ("SRC" or "Plaintiff"), stating as follows:

### Parties, Jurisdiction and Venue

1.      EGCC is a not-for-profit corporation, incorporated under the laws of the State of Ohio. EGCC is a two-year public comprehensive community college that exists under the authority of Ohio Revised Code § 3354.24 and is a political subdivision of the State of Ohio. At all times relevant to this Complaint, EGCC has operated a community college branch in Steubenville, Ohio and Youngstown, Ohio.

2.      SRC is a Delaware limited liability company, with its principal place of business in Chicago, Illinois.

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

4.     SRC and EGCC have a contractual relationship as set forth in the Collaboration Agreement that calls for the application of Ohio law and selects the federal courts for Ohio or state courts as the exclusive forum for any disputes.

5.     This Court has personal jurisdiction over the subject matter of these Counterclaims by virtue of the parties Collaboration Agreement and SRC's submission to personal jurisdiction over its claims against EGCC.

6.     Venue is proper in this Judicial District under 28 U.S.C. § 1391 because SRC has voluntarily submitted to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims involved in this case occurred within Jefferson County, Ohio.

## Facts

7.     For seven years, EGCC has provided scholarships to more than 90,000 union-affiliated students through the Free College Benefit Program (the "Program").

8.     The Program provides access to "free college" for union members and their families. The Program follows the "last-dollar" or "last-mile" model of free college, in which an entity – including a State government or institution – will pay any tuition remaining at a public college after a student's existing federal financial aid award is used. This model is one of two common models of free college, and is used by States at large, for example, by Rhode Island, Tennessee, and Utah, but it is also employed by individual institutions, like EGCC.

9.     Since June 30, 2017, EGCC has been working under a Collaboration Agreement, as amended, with SRC to assist with the implementation and operation of the Program. A true and accurate copy of the Collaboration Agreement is attached and incorporated by reference hereto as Exhibit A.

10. Under the Collaboration Agreement, SRC agrees to perform a number of services, including assisting with marketing of EGCC programs and courses through the unions, providing academic and career counseling to students, assisting with enrollment and course registration, and recruitment of students.

11. Under the Collaboration Agreement, the unions and community partners collaborate with SRC to promote the Program to their own membership lists. SRC does not directly find students, or conduct any paid digital advertising, lead generation, or content marketing strategy. Neither SRC nor the unions maintain any direction or control over the EGCC's pricing, academics, admissions, or mission. EGCC maintains exclusive control over all admissions decisions and financial aid award packaging.

12. Under the Collaboration Agreement, any revenue, including tuition, generated by SRC activities are placed into the Collaboration Account, from which both parties are reimbursed for any operating expenses and compensated with any funds that remain, with SRC receiving 50% of any surplus.

13. The Collaboration is facilitated and managed through an Operating Committee that is required to meet "no less frequently quarterly." *See* Collaboration Agreement at § 2.6(c).

14. The Operating Committee is comprised of one representative from EGCC and one representative from SRC. Each party was allowed to designate up to three individuals to serve as its representative during Operating Committee meetings.

15. While the parties were free to change their designated representatives, they were required to do so with proper advance notice and the replacements were required to "have appropriate credentials, experience, knowledge, and ongoing familiarity with the Collaboration." *See* Collaboration Agreement at § 2.6(a).

16

16.     SRC's designated representatives to the Operating Committee were Michael Perik ("Perik"), CEO, and executives Nicole Rowe Colclasure ("Rowe"), Daniel Jones ("Jones") and/or John Haseley ("Haseley").

17.     On March 23, 2022, SRC terminated Perik and placed Rowe, Haseley and Jones on probation.

18.     Rowe, Haseley and Jones subsequently resigned no later than April 1, 2022, leaving SRC with no designated representatives on the Operating Committee.

19.     Despite repeated requests to SRC to designate new representatives to the Operating Committee with the appropriate credentials, experience, knowledge, and ongoing familiarity with the Collaboration, it has failed to do so.

20.     As a result of SRC's failure to designate new representatives to the Operating Committee with the appropriate credentials, experience, knowledge, and ongoing familiarity with the Collaboration, the Operating Committee has not had a meeting since March 14, 2022.

21.     Since that time, and after the terminations and resignations of Perik, Rowe, Haseley and Jones, the Collaboration has been without an Operating Committee and the governance and operation of the Collaboration has fallen solely to EGCC.

22.     SRC has only recently, on September 1, 2022, stated that it would designate Phillip Braithwaite, CEO, and Aimee Leishure, CFO, as its new representatives to the Operating Committee. However, SRC has not identified – nor does EGCC believe they have – the contractually required credentials, experience, knowledge, and ongoing familiarity with the Collaboration be the representatives on the Operating Committee.

23.     SRC's actions, described above, unilaterally disbanded the Operating Committee, materially changed the nature of the Collaboration and caused the Collaboration reputational harm.

17

24.     On or about May 12, 2022, EGCC delivered to SRC a notice of material breach and intent to terminate the Collaboration Agreement on July 11, 2022.

25.     On June 30, 2022, SRC filed a Complaint against EGCC requesting a preliminary injunction to enjoin EGCC from terminating the Collaboration Agreement and alleging EGCC breached the Collaboration Agreement for alleged failure to pay amounts owed and abide by a non-competition provision.

26.     On July 11, 2022, the Court issued an Opinion & Order (ECF No. 14) preliminary enjoining EGCC from: (1) terminating the Collaboration Agreement as set in motion by the Notice of May 12, 2022; and (2) breaching the Agreement's non-competition provisions by starting and operating a competing business while the Agreement. Opinion & Order, ECF No. 14, at PAGEID # 290-91.

27.     On August 23, 2022, the Court issued a second Opinion & Order (ECF No. 23) further enjoining EGCC from withholding profit-share payments for semesters ending prior to December 31, 2021 in the disputed amount of $2,357,153.08. In doing so, the Court recognized that if evidence later reveals an overpayment, EGCC may pursue recoupment via a counterclaim or through the Collaboration Agreement's dispute resolution clause. Opinion & Order, ECF No. 23, at PAGEID # 692.

28.     In calculating the dispute profit-share payments for semesters ending prior to December 31, 2021, SRC added the following amounts alleged due, per fiscal year:

      a.   FY 2019 – $570,500.00

      b.   FY 2020 – $800,842.67

      c.   FY 2021 – $1,172,622.81

      d.   First two semesters of FY 2022 – $8,146,507.60.

29.     SRC then subtracted certain undisputed profit-share payments made by EGCC for FY 2022 ($8,333,320.00) from the total of these alleged amounts due ($10,690,473.08).

30.     This calculation resulted in the alleged amount due of $2,357,153.08, which EGCC paid to SRC on or before August 31, 2022 in compliance with the Court's Opinion & Order.

31.     This payment has resulted in an overpayment for fiscal years 2019, 2020 and 2021 in an amount in excess of $900,000.00.

32.     The overpayment for these fiscal years is due to errors in calculating the revenue attributable to the Program since 2015. EGCC has determined that all Pell Grant payments made to EGCC were attributed to the Program as Program revenue. Instead, a portion of these payments are solely attributable to non-Program students attending EGCC at its Steubenville or Youngstown campuses. This error resulted in an excessive surplus in the Collaboration Account from which profit-share payments are distributed.

33.     SRC continues to breach the Collaboration Agreement.

34.     EGCC has learned that SRC has engaged in discussions with Acadeum and Brazosport College (and likely others) for the purpose of entering into a competing collaboration in violation of the Collaboration Agreement's non-competition provisions.

35.     SRC has submitted operating expense reimbursement requests for SRC Controlled Collaboration Activities that are excessive, not normal and customary and/or for services that were not (or could not) be rendered during the relevant time period.

36.     SRC has submitted operating expense reimbursement requests for SRC Controlled Collaboration Activities and demanded payment of these expenses without approval of the Operating Committee and/or without an approved Annual Budget or Joint Marketing Plan for fiscal year 2023.

37.     EGCC has paid such reimbursement requests under protest and without waiving its right to seek damages for overpayments of SRC operating expenses.

38.     On August 2, 2022, EGCC requested an audit of SRC's records to determine the legitimacy of these reimbursement requests.

39.     The current and projected Revenue collected under the Program is expected to be insufficient to cover the operating expenses projected in the Collaboration's last mutually agreed Annual Budget because The U.S. Department of Education ("DOE") is prohibiting EGCC from administering the Collaboration in its existing form and restricting its ability to draw Revenue from federal Pell Grant funds.

## COUNT I
### (Declaratory Judgment)

40.     EGCC re-alleges and incorporates by reference herein all prior allegations contained in this Counterclaim.

41.     EGCC asserts that SRC has breached the Collaboration Agreement and that EGCC is entitled to terminate the Collaboration Agreement.

42.     EGCC asserts that it has overpaid SRC under the Collaboration Agreement.

43.     SRC asserts that it has not breached the Collaboration Agreement and that EGCC is not entitled to terminate the Collaboration Agreement.

44.     SRC asserts that it has not been overpaid by EGCC under the Collaboration Agreement.

45.     An immediate, real, and justiciable controversy exists between EGCC and SRC as to whether SRC has breached the Collaboration Agreement, has been overpaid and whether EGCC is entitled to terminate the Collaboration Agreement.

46.     EGCC is entitled to a declaratory judgment that SRC has breached the Collaboration Agreement, has been overpaid and that EGCC is entitled to terminate the Collaboration Agreement.

**COUNT II**
**(Breach of Contract)**

47.     EGCC re-alleges and incorporates by reference herein all prior allegations contained in this Counterclaim.

48.     A valid, enforceable agreement exists between the parties.

49.     SRC has materially breached the Collaboration Agreement, Section 2.6(a), by failing to timely designate new representatives to the Operating Committee with the appropriate credentials, experience, knowledge, and ongoing familiarity with the Collaboration.

50.     SRC has materially breached the Collaboration Agreement, Section 8, by engaging in discussions with Acadeum and Brazosport College (and likely others) for the purpose of entering into a competing collaboration in violation of the Collaboration Agreement's non-competition provisions.

51.     SRC has materially breached the Collaboration Agreement, Section 3.1, by submitting operating expense reimbursement requests for SRC Controlled Collaboration Activities that are excessive, not normal and customary and/or for services that were not (or could not) be rendered during the relevant time period.

52.     SRC has materially breached the Collaboration Agreement, Section 3.1, by submitting operating expense reimbursement requests for SRC Controlled Collaboration Activities and demanding payment of these expenses without approval of the Operating Committee and/or without an approved Annual Budget or Joint Marketing Plan for fiscal year 2023.

53.     EGCC has materially performed its obligations under the Collaboration Agreement.

54.     As a direct and proximate result of the breach by SRC, EGCC has been damaged in amounts in excess of $75,000, the exact amount of which will be established at trial.

### COUNT III
**(Unjust Enrichment)**

55.     EGCC re-alleges and incorporates by reference herein all prior allegations contained in this Counterclaim.

56.     SRC received a benefit by accepting overpayments from EGCC for fiscal years 2019, 2020, 2021 and 2022.

57.     SRC knew of the benefit conferred.

58.     SRC's retention of the overpayments would be unjust and result in a substantial harm to EGCC.

59.     As a result, SRC has injured EGCC and EGCC is entitled to damages in an amount equal to the benefit conferred, which EGCC estimates to be in excess of $900,000.00.

### PRAYER FOR RELIEF

**WHEREFORE,** the Defendant Eastern Gateway Community College respectfully prays that:

(a)     The Complaint be dismissed with prejudice;

(b)     Judgment be entered in favor of EGCC in the case and against SRC on all claims in the Complaint;

(c)     EGCC be awarded compensatory damages in an amount to be determined at trial in excess of $75,000, together with pre and post judgment interest;

(d)     EGCC be awarded its costs, disbursements, and expenses incurred herein;

(e)     For Declaratory Judgment in EGCC's favor, and against SRC, as requested in Count I of the Counterclaim;

(f)     For the amount of the overpayments unjustly retained by SRC, as requested in Count III of the Counterclaim, together with pre and post judgment interest; and

(g)     The Court award such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant Eastern Gateway Community College hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Adam D. Fuller*
Justin M. Alaburda (#0082139)
Victoria L. Ferrise (#0085012)
Adam D. Fuller (#0076431)
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 44308
Ph: (330) 253-5060 / Fax: (330) 253-1977
jmalaburda@bmdllc.com
vlferrise@bmdllc.com
adfuller@bmdllc.com

Marlon A. Primes (#0043982)
Abigail E. Peabody (#0099804)
BRENNAN, MANNA & DIAMOND, LLC
200 Public Square
Huntington Building, Suite 3270
Cleveland, OH 44114
Ph: (216) 658-2155 / Fax: (216) 658-2156
maprimes@bmdllc.com
aepeabody@bmdllc.com

***Special Counsel for Plaintiff Eastern Gateway Community College***

23

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Adam D. Fuller
**Special Counsel for Plaintiff**

4864-9636-9970, v. 1