UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STUDENT RESOURCE CENTER, LLC,**

  **Plaintiff,**

  **v.**          **Civil Action 2:22-cv-2653**
              **Chief Judge Algenon L. Marbley**
              **Magistrate Judge Chelsey M. Vascura**

**EASTERN GATEWAY COMMUNITY
COLLEGE,**

  **Defendant.**

## OPINION AND ORDER

In this diversity action, Plaintiff, Student Resource Center, LLC, asserts claims for breach of contract against Defendant, Eastern Gateway Community College. This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 52). For the following reasons, Plaintiff's Motion is **DENIED**.

## I.  BACKGROUND

Plaintiff commenced this action on June 30, 2022. (Compl., ECF No. 1.) Plaintiff's original Complaint alleged that Plaintiff partnered with Defendant via an October 2019 Collaboration Agreement having a term through June 2027 (the "Agreement"). Defendant notified Plaintiff in May 2022 that Defendant believed Plaintiff to have breached the Agreement when Plaintiff replaced its CEO without notice to Defendant. Plaintiff denies that it breached the Agreement and alleged that Defendant breached the Agreement by, among other things, failing to pay amounts owing to Plaintiff under the Agreement. (Unredacted Compl., ECF No. 11-1.) On October 10, 2022, Plaintiff filed its First Amended Complaint ("FAC"). (ECF No. 28.) The FAC

alleged that due to Defendant's refusal to perform its obligations under the Agreement, "no further performance by [Plaintiff] is possible and the Collaboration Agreement must be terminated" and that "[b]ecause of [Defendant's] breaches of the Collaboration Agreement, there is no option but for its termination." (*Id.* at ¶¶ 95, 167.)

On October 19, 2022, the undersigned issued a Preliminary Pretrial Order setting the deadlines for motions to amend the pleadings on November 30, 2022. (ECF No. 30.) Although the parties jointly requested the extension of several case schedule deadlines in June 2023, those deadlines did not include the deadline for motions to amend the pleadings, which remained unchanged from the November 30, 2022 deadline in the Preliminary Pretrial Order. (*See* ECF Nos. 50, 51.)

More than seven months after the deadline for motions to amend the pleadings, Plaintiff filed the subject Motion for Leave to File Second Amended Complaint on June 20, 2023. (ECF No. 52.) Therein, Plaintiff seeks leave to amend its pleadings to allege that the Agreement did *not* terminate in October 2022 and that it remains in effect through the present. As a result, Plaintiff seeks to supplement its FAC with additional claims for breach of contract and unjust enrichment for amounts owing to Plaintiff under the Agreement for the period of September 2022 through the present. (*Id.*)

Defendant opposes Plaintiff's Motion, contending that Plaintiff has provided no justification for filing the Motion far outside the relevant deadline, and that permitting amendment at this stage would cause undue delay and prejudice to Defendant in the form of additional discovery and further case schedule extensions. (Def.'s Mem. in Opp'n, ECF No. 55.)

## II.     STANDARDS GOVERNING AMENDED AND SUPPLEMENTAL PLEADINGS

A district court is required to enter a scheduling order limiting the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).

When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment or supplementation is appropriate under Federal Rule of Civil Procedure 15. Pleading amendments are governed by Rule 15(a). Under Rule 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53

F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

In addition to amending the FAC, Plaintiff also seeks to add allegations of conduct that occurred since its previous pleading was filed, and thus are governed by the standards for supplemental pleadings under Rule 15(d). However, standards for granting or denying leave to supplement under Rule 15(d) are the same as those for granting or denying leave to amend under Rule 15(a). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); *see also Mattox v. Edelman*, 851 F.3d 583, 592 n.6 (6th Cir. 2017).

### III.   ANALYSIS

Plaintiff has failed to demonstrate good cause to extend the deadline for motions to amend the pleadings. As an initial matter, Plaintiff cited the standard for amendments under Federal Rule of Civil Procedure 15(a)(2), which directs the Court to "freely give leave when justice so requires." (Mot. 2, ECF No. 52.) However, this standard is of secondary importance where, as here, the Court has already entered a scheduling order under Rule 16 and the deadline to amend the pleadings has passed. *See Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

Under the more stringent "good cause" standard of Rule 16, Plaintiff must demonstrate that it acted diligently in attempting to comply with the deadline to amend the pleadings. But Plaintiff does not explain why it could not have sought leave to amend or supplement the FAC with allegations of non-payment (which extend as far back as September 2022) prior to the November 30, 2022 deadline. By that time, according to Plaintiff's assertions in the proposed

4

Second Amended Complaint ("SAC"), six of Plaintiff's biweekly invoices to Defendant for the period of September through November 2022 were already past due. (Proposed SAC ¶¶ 177–78, ECF No. 52-1.) And although Plaintiff alleges that Defendant also failed to pay numerous invoices due after the November 30, 2022 deadline, that failure to pay is merely a continuation of Defendant's non-payment prior to the deadline. Plaintiff cannot extend its pleadings amendments deadline indefinitely by continuing to perform services for which Defendant has consistently failed to pay in the past. Nor does Plaintiff explain why it could not have alleged prior to November 30, 2022, that the Agreement remains in effect, in contrast to its allegations in the FAC that the Agreement must terminate as of no later than October 10, 2022, or what underlies Plaintiff's change in position on the Agreement's termination.[1]  Plaintiff was in possession of the facts underlying the proposed amendments prior to the amendments deadline, and the Court is accordingly unable to conclude that Plaintiff could not have reasonably met the amendments deadline with the exercise of diligence. *See, e.g.*, *Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2021 WL 1289767, at *2 (S.D. Ohio Apr. 7, 2021) ("[T]he test is not whether Plaintiff *realized* she wanted to amend her Complaint prior to the deadline; rather, Rule 16 requires Plaintiff to demonstrate that she *could not have*, despite the exercise of reasonable diligence, sought leave to amend prior to the deadline.") (citing *Leary*, 349 F.3d at 906) (emphasis in original); *Stanich v. Hissong Grp., Inc.*, No. 2:09-CV-143, 2011 WL 1560650, at *4 (S.D. Ohio Apr. 25, 2011) ("[T]he focus of the [Rule 16 diligence] issue is whether the

---

[1] Plaintiff's Reply asserts that the FAC merely alleged that the Agreement must terminate at some undetermined point in time as part of this lawsuit, not that the Agreement terminated as of the date of the FAC's filing. (Reply 5, ECF No. 57.) For this argument, Plaintiff relies on the proposed SAC, which notes that Plaintiff continued to perform its duties under the Agreement well into 2023. (*Id.*) But those proposed SAC allegations are, of course, irreconcilable with the FAC's allegations that, as of October 10, 2022, "no further performance by [Plaintiff] is possible and the Collaboration Agreement must be terminated." (FAC ¶ 95, ECF No. 28.)

information could have been discovered [ ] with any diligence, prior to the scheduling deadline. . . . There is no doubt here that not only could such information have been discovered by the defendants prior to the deadline, but, by their own admission, it was.").

The Court must also consider, as part of its Rule 16 analysis, possible prejudice to Defendant as a result of extending the pleading amendment deadline. The Court is unable to discern any significant prejudice that would befall Defendant if Plaintiff were permitted to amend or supplement the FAC. The issue of when or whether the Agreement terminated has been central to the case from its inception, and any additional discovery that might be necessary could be completed in the more than 60 days yet remaining in the discovery period. Thus, it does not appear that any extension of the remaining case schedule deadlines would be necessary. *Cf. Leary*, 349 F.3d at 892 ("Defendant would suffer prejudice by allowing this amendment which would require the reopening of discovery at this late stage of the proceedings."). However, even if Defendant would not be prejudiced by the amendment, the undersigned concludes that Plaintiff's lack of diligence carries the day. As the "primary measure" of Rule 16's good cause standard, *Inge*, 281 F.3d at 625, lack of diligence by the movant should ordinarily carry more weight than lack of prejudice to the nonmovant. *See Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021) ("Prejudice to the non-moving party is a relevant consideration in a 16(b) analysis, but the main focus should remain on the moving party's exercise of diligence.") (cleaned up). Accordingly, Plaintiff's Motion for Leave to Amend is **DENIED**.[2]

---

[2] Because Plaintiff has failed to show good cause to extend the deadline for motions to amend the pleadings under Rule 16, the Court need not consider whether leave to amend should be granted under Rule 15.

## IV.    DISPOSITION

For the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate good cause to modify the case schedule. Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 52) is therefore **DENIED**.


**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE