# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STUDENT RESOURCE CENTER, LLC, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 2:22-cv-2653 ) ) |
| EASTERN GATEWAY COMMUNITY COLLEGE, | ) Chief Judge Algenon L. Marbley ) ) Magistrate Judge Chelsey M. ) Vascura |
| *Defendant*. | ) |

**Student Resource Center, LLC's Motion for Prejudgment Attachment**

Plaintiff Student Resource Center, LLC ("SRC"), moves this Court for an Order of Prejudgment Attachment to real property comprising Parcels Nos. 07-11934-001 and 08-0159-000 in Jefferson County, Ohio, and the assets therein or thereon, belonging to Defendant Eastern Gateway Community College ("EGCC"), under Fed. R. Civ. P. 64(a) and Ohio Revised Code § 2715.01., et seq. The accompanying memorandum and declaration of Robert Folland support SRC's motion.

Dated:  June 5, 2024    Respectfully submitted,

*/s/ Robert C. Folland*
C. David Paragas (0043908)
Robert C. Folland (0065728) (Trial Attorney)
David M. DeVillers (0059456)
Michelle M. Nicholson (0099833)
Jeff A. Bartolozzi (0095664)
BARNES & THORNBURG LLP
41 S. High Street, Ste. 3300
Columbus, Ohio 43215-6104
Telephone: (614) 628-1401
David.Paragas@btlaw.com

*Attorneys for Plaintiff Student Resource Center, LLC*

**Student Resource Center, LLC's Memorandum in Support of its
Motion for Prejudgment Attachment**

I. **Introduction**

On May 15, 2024, EGCC's board of trustees resolved to wind-down operations and dissolve the school on October 31, 2024. The same day, EGCC's board resolved to sell the school's Pugliese Center, located at 110 John Scott Highway, in Steubenville, and all of the center's assets, to Steubenville City Schools. EGCC's counsel claims EGCC intends to use the money it receives from the sale to pay operating expenses and outstanding debts. While SRC does not know the price Steubenville schools are paying for the property and its assets, the Jefferson County Auditor values the land and improvements alone at $2,015,400. (Exhibit A, Declaration of Robert Folland ("Folland Dec.") ¶ 21 & Attachment F.)

In addition, EGCC's Steubenville campus property, located at 4000 Sunset Blvd., in Steubenville, Ohio is in danger of reverting back to Jefferson County, which granted the land to the college in the 1960's subject to a clause stating that the property would revert to the county if it ceases to be used for educational purposes. (Folland Dec. ¶ 18 & Attachment C.)

SRC respectfully asks the Court to issue an order of prejudgment attachment as to the Pugliese Center property and its assets, and the Steubenville campus and its assets, under Fed. R. Civ. P. 64(a) and Ohio Rev. Code § 2715.01(A)(7) and (9). Along with this motion, SRC has filed a declaration and a copy of the written instrument on which SRC's claim is based, in accordance with Ohio Rev. Code § 2715.03, and a praecipe, in accordance with Ohio Rev. Code § 2715.041. SRC stands ready to post a bond under Ohio Rev. Code § 2715.044, if required by the Court.

EGCC's wind-down and asset sale merit an order of prejudgment attachment under Ohio Rev. Code 2715.01(A)(7) and (9). EGCC intends to convert the Pugliese Center property to

1

money that EGCC's counsel claims EGCC plans to spend on operating expenses, thereby placing the property beyond the reach of SRC, should SRC obtain a judgment against EGCC in this action for the recovery of money—which the Court has already twice found likely to occur. EGCC's Steubenville campus property is subject to a reversionary assignment that may dispose of the property in a way long intended to shield it from creditors.

## II. Statement of Facts

### a. SRC and EGCC Agreed to Collaborate

This lawsuit centers on a June 30, 2017 collaboration agreement (the "Agreement," as amended, Attachment A to Folland Dec.) between SRC and EGCC. As set forth in much greater detail in SRC's motion for summary judgment (ECF No. 85), EGCC's former ousted president, Michael Geoghegan, caused EGCC to breach the Agreement, causing SRC to incur damages.

Under the Agreement, SRC and EGCC developed and marketed online courses to union member/professional association member students through the parties' Free College Benefit Program (the "FCBP"). (ECF No. 12-4, Braithwaite Dec., ¶ 8). Under the FCBP, unions, professional organizations, and their members benefited from free or significantly discounted education. (*Id.*, ¶ 6). Through SRC's efforts, enrollment at EGCC grew by tens of thousands of students over a few years. (*Id.*, ¶ 9). As a result, EGCC and SRC extended the Agreement through June 30, 2027. (*Id.*, ¶¶ 3 & 9). At all times relevant to this lawsuit, the Agreement represented approximately 95% of SRC's annual revenue. (*Id.*, ¶ 10).

### b. EGCC Breached the Agreement, Causing SRC Millions in Damages

As set forth in detail in SRC's motion for summary judgment (ECF No. 85, incorporated by reference here), EGCC breached the Agreement by failing to reimburse SRC for operating expenses and withholding profit-sharing payments from SRC. (*Id.*) It also breached the

2

Agreement by violating Title IV and by competing with SRC. (*Id.*) These breaches caused damages to SRC exceeding $58 million. (*See* ECF No. 85, PAGE ID # 1498.)

1. <u>EGCC Failed to Reimburse SRC for over $1.2 Million in Operating Expenses</u>

The Agreement required EGCC to reimburse SRC for operating expenses. (*See* Exhibit A; *see also* ECF No. 85, PAGE ID # 1508-1509, 1517-1518.) EGCC has breached the Agreement by failing to reimburse SRC for $1,208,750 in operating expenses. (*See* ECF No. 85, PAGE ID # 1498-1499, 1508-1509, 1517-1518.) These breaches underlie Counts II and VI of SRC's complaint. (ECF No. 66, PAGE ID # 1253-1254, 1258-1259.)

2. <u>EGCC Withheld over $9.3 million in Profit-Sharing Payments</u>

The Agreement required EGCC to share profits with SRC. (*See* Exhibit A; *see also* ECF No. 85, PAGE ID # 1510-1517.) EGCC has breached the Agreement by keeping $7,056, 205 of SRC's share of the collaboration's profits for fiscal year 2022 and $2,330,867 of SRC's share of profits for fiscal year 2023. (*See* ECF No. 85, PAGE ID # 1498-1499, 1510-1517.) These breaches underlie Counts II and IV of SRC's Complaint. (ECF No. 66, PAGE ID # 1253-1256.)

3. <u>EGCC's Breaches Caused over $47 million in Expectation Damages</u>

In addition to the breaches above, EGCC breached provisions in the Agreement requiring it to comply with applicable educational laws, including Title IV and provisions prohibiting it from competing with the programs provided under the parties' Agreement. (*See* Exhibit A; *see also* ECF No. 85, PAGE ID # 1518-1523). These breaches underlie Counts III and V of SRC's complaint. (Doc. No. 66, PAGE ID # 1254-1255, 1257-1258.)

But for EGCC's numerous breaches of the Agreement, the Agreement and the fruitful collaboration it envisions between EGCC and SRC would have lasted through June 30, 2027. (*See* Exhibit A, Amendment 1; *see also* ECF No. 85, PAGE ID # 1523.) EGCC's breaches have

3

kept that from happening, resulting in $47,432,205 in expectation damages, excluding interest. (*See* ECF No. 85, PAGE ID # 1523-1525).

### c. This Court Twice Found SRC's Claims Likely to Succeed

On July 11, 2022, this Court granted a preliminary injunction, finding that SRC was likely to succeed on its claim that EGCC violated the Agreement's noncompetition clause. (ECF No. 14, PAGE ID # 287.) On August 23, 2022, the Court expanded the preliminary injunction to include SRC's claim for withheld profit-sharing payments for fall semester 2021 and before, finding that "SRC is likely to show the College breached its contract by withholding these profit-sharing payments many months past the due date." (ECF No. 23, PAGE ID # 690; *see also* PAGE ID # 692.)

### d. EGCC Resolved to Dissolve Itself and Convert its Pugliese Center to Money for Operating Expenses and Other Debts

On May 15, 2024, EGCC's board of trustees approved resolution 2024-27, to dissolve the college on October 31, 2024. (*See* Folland Dec. ¶ 13; Video of EGCC Board of Trustees Meeting, May 15, 2024, https://www.youtube.com/watch?v=SM3wDyHtjxs, ("Board Video"), 12:35-16:19.)[1] They also approved resolution 2024-23, to sell the college's Pugliese Center, located at 110 John Scott Highway, in Steubenville, and its assets, to Steubenville City Schools.

---

[1] The video contains a skip or glitch such that the vote is not recorded, but the vote has been widely reported in the news media. *See, e.g.*, Dave Sess, *Eastern Gateway Community College trustees approve new dissolution plan*, Youngstown News, May 15, 2024, https://www.wkbn.com/news/local-news/youngstown-news/eastern-gateway-community-college-trustees-approve-new-dissolution-plan/; Lauren Coffey, *Embattled Eastern Gateway Community College to Close*, Inside Higher Ed, May 17, 2024, https://www.insidehighered.com/news/quick-takes/2024/05/17/embattled-eastern-gateway-community-college-close. (See also Folland Dec. ¶ 14.) The Court may take judicial notice of this fact because it is "generally known within the trial court's territorial jurisdiction" and/or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of news articles. *See Logan v. Denny's, Inc.*, 259 F.3d 558, 578 & n.9 (6th Cir. 2001) (taking judicial notice of the content of several articles, including one in *Nation's Restaurant News*).

(See Folland Dec. ¶ 12; Board Video 7:37-9:05.) The Pugliese Center is a standalone building and grounds separate from EGCC's main Steubenville Campus.

While SRC does not know what the Steubenville schools have agreed to pay for the Pugliese Center and its assets, the Jefferson County Auditor values the Pugliese Center property, Parcel No. 07-11934-001, at $2,015,400. (Folland Dec. ¶ 21 & Attachment F.) This value accounts for land and improvements but obviously does not account for moveable assets. The county auditor lists the parcel's current owner as Jefferson Community College, EGCC's former name. *Id.*; *see also* EGCC, Who We Are, https://egcc.edu/about-us/institution/who-we-are/. The college purchased this property in 2003 from Ohio Power. (Folland Dec. ¶ 21 & Attachment E.)

EGCC has stated through counsel that after converting this property to money, it intends to spend that money on operating expenses and servicing preexisting debts. After viewing the video of the EGCC board of trustees May 15, 2024 meeting, SRC's counsel wrote to EGCC's counsel on May 16th, expressing concern that "EGCC is attempting to liquidate and dissipate its assets in an attempt to become judgment proof from SRC's pending claims prior to the Court's ruling," and asking EGCC to "provide assurance to SRC that any proceeds from the sale of assets, including the real property located at 110 John Scott Highway and the Pugliese Training Center, shall be placed in escrow to prevent EGCC from irretrievably transferring assets away from EGCC's creditors, including SRC." (Folland Dec. ¶ 15-17 & Attachment B, Email from J. Bartolozzi to A. Fuller et al., May 16, 2024.) The next day, counsel for EGCC wrote back: "Any proceeds EGCC realizes from the sale will be used to pay ongoing operating expenses and/or outstanding debts. If SRC would like to secure a place in line with EGCC's creditors, it should make a reasonable settlement demand . . . ." (*Id.*, Email from A. Fuller to J. Bartolozzi, May 17, 2024.) On May 30, 2024, Mr. Bartolozzi emailed counsel for EGCC to request a timeline for

5

EGCC's sale of real property or assets, including the real property located at 110 John Scott Highway and the Pugliese Training Center. (*Id.*, Email from J. Bartolozzi, May 30, 2024.) EGCC's counsel has not responded to this request implying that EGCC will liquidate and dissipate its assets to become judgment proof absent intervention through this motion. (*Id.*)

### e. EGCC's Steubenville Campus May Revert to Jefferson County

EGCC's main Steubenville campus is located at 4000 Sunset Blvd., Steubenville, Ohio. The Jefferson County Auditor values that property, Parcel No. 08-0159-000, at $12,666,810, again accounting only for land and improvements. (Folland Dec. ¶ 20 & Attachment D.) The county auditor lists that parcel's current owner as Jefferson Community College. (*Id.*) The college's predecessor, Jefferson County Technical Institute, received this property from the Board of County Commissioners of Jefferson County in 1967. (Folland Dec. ¶ 18 & Attachment C.)

The deed conveying the property to the college contains a reversionary or "reverter" clause stating, "[T]his conveyance is made to the board of Trustees of the Jefferson County Technical Institute for educational purposes only . . . and if said premises are not used for educational purposes or if said premises cease to be used for educational purposes, title shall revert to the County of Jefferson, Ohio." (*Id.*) So if, after concluding its operations on October 31, 2024, EGCC cannot use the Steubenville campus for educational purposes or cannot sell the property to someone who can, the property will leave EGCC's balance sheet and will revert to Jefferson County.

The county commissioners have publicly stated their intention to both exercise the reverter clause and take every step to shield the property from EGCC's creditors. (*See, e.g.*, Linda Harris, *Jefferson County Prepares To Protect Interest in Eastern Gateway Community*

*College Property*, Intelligencer (Wheeling, WV), Apr. 12, 2024, https://www.theintelligencer.net/news/community/2024/04/jefferson-county-prepares-to-protect-interest-in-eastern-gateway-community-college-property/.)[2] "At a special meeting Tuesday, [Jefferson County] commissioners said they need to be 'proactive' to ensure taxpayer interests are protected should [EGCC] trustees conclude in May they have no other recourse than to pull the plug on the cash-strapped college." (*Id*.) The county commissioners unanimously passed a motion authorizing the county prosecutor "'to take any and all action necessary to put that property back into taxpayer hands,' Commissioner Dave Maple said." (*Id*.) The county has hired a law firm to help it avoid any of EGCC's debts that may come associated with the property, with Commissioner Maple telling the Intelligencer, "'We'll argue that it's not our taxpayers' piece, regardless . . . .'" *Id*. He said that if the property reverts to the county, "'at least taxpayers will have the value of the property and be able to develop it in another way.'" *Id*.

The county prosecutor concurred, stating that if no new education facility takes over the property, "'we have an obligation to secure that property for the citizens of the county.'" *Id*. And the county auditor reiterated that "county officials are 'definitely going to do what we need to do to make sure our taxpayers are protected.'" *Id*. He went on to say, "'[t]he debt the college accrued is not, in my opinion, the taxpayers' responsibility.'" *Id*. Commissioner Maple praised the foresight of his 1960's counterparts, who, he said, inserted the reverter clause in the deed because the then-new college "'had a lot of risk.'" *Id*. (See also Folland Dec. ¶ 19.)

### III.   Argument

EGCC's decision to wind down its educational operations means many of its most valuable assets—particularly the Pugliese Center property and the Steubenville campus property—could be

---

[2] For the reasons explained in footnote 1, above, the court may take judicial notice of this article.

placed beyond the reach of SRC as a judgment creditor should SRC prevail in this action. Yet, while these actions play out, EGCC filed a motion asking the court to defer a ruling on SRC's pending summary judgment motion and to reopen discovery. (*See* ECF No. 99.) The court has granted EGCC an additional 14 days to respond to SRC's motion for summary judgment. (ECF No. 105.) SRC seeks prejudgment attachment to preserve its ability to recover from the rapidly vanishing EGCC. *See Cent. Nat. Bank v. Broadview Sav. & Loan Co.*, 411 N.E.2d 840, 843 (8th Dist. 1979) ("The basic purpose of allowing a prejudgment attachment is to protect the rights of creditors.").

Prejudgment attachment is an available and appropriate remedy in this diversity case under Ohio law. Under Fed. R. Civ. P. 64(a), "every remedy is available that under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Ohio prejudgment-attachment law applies in this diversity case involving the Agreement subject to Ohio law. *See Data Processing Sciences Corp. v. Lumenate Technologies, LP*, No. 1:16cv295, 2016 WL 3144117, at *2 (S.D. Ohio 2016). "Ohio permits attachment against a defendant's property 'in a civil action for the recovery of money, at or after its commencement,' upon any of the grounds specified in O.R.C. § 2715.01." *Forefront Machining Techs., Inc. v. SARIX SA*, No. 3:19cv383, 2020 WL 804858, at *3 (S.D. Ohio 2020) (Rose, J.) (citation omitted).

A motion for prejudgment interest must include an affidavit from the plaintiff or its agent or attorney setting forth the "nature and amount of the claim; the facts that support at least one ground for an attachment contained in § 2715.01; a description of the property sought and its approximate value; the location of the property; and to the best of plaintiff's knowledge, the use to which the defendant has put the property." *Enable Healthcare, Inc. v. Cleveland Quality*

8

*Healthnet, LLC*, No. 1:16 CV 2395, 2016 WL 6821980, at *2 (N.D. Ohio Nov. 18, 2016); *see also* Ohio Rev. Code § 2715.03. "Because R.C. 2715.01 et seq. deals with prejudgment attachments, it would be inappropriate to require a plaintiff to prove the grounds under R.C. 2715.01 upon which he seeks attachment. An affidavit stating that the ground for attachment is [the statutory subsection at issue] is sufficient." *Cent. Nat. Bank*, 411 N.E.2d at 843. The attached declaration makes the above showings.

In addition, to attach defendant's property, a plaintiff must demonstrate probable cause by showing that it is likely the plaintiff will obtain a judgment against the defendant. *See e.g.*, R.C. 2715.011(A); *Miller v. Food Concepts Int'l, LP*, No. 2:13-CV-00124, 2015 WL 12672728, at *2 (S.D. Ohio July 24, 2015). SRC has satisfied each of these requirements.

      a. **Nature, Legal Basis, and Amount of Claims**

SRC's claims are based on the Agreement. (Folland Dec. ¶ 5 & Attachment A.) SRC's Second Amended Complaint (ECF No. 66) contains claims for EGCC's breach of the Agreement by: (1) failing to reimburse SRC for operating expenses as the Agreement requires (Counts II and VI, ECF No. 66, PAGE ID # 1253-1254, 1258-1259; *see also* Folland Dec. ¶ 6), (2) withholding profit-sharing payments to which the Agreement entitles SRC (Counts II and IV, ECF No. 66, PAGE ID # 1253-1256; *see also* Folland Dec. ¶ 6), (3) violating Title IV despite the Agreement's requirement that EGCC comply with all applicable education laws (Count V, ECF No. 66, PAGE ID # 1257-1258; Folland Dec. ¶ 6), and (4) competing with SRC in violation of the Agreement's non-competition clause (Count III, ECF No. 66, PAGE ID # 1254-1255; *see also* Folland Dec. ¶ 6). (The complaint also sets forth a claim seeking a declaratory judgment that SRC has not breached the Agreement (Count I, Doc. No. 66, PAGE ID # 1252-1253).)

SRC's damages as a result of these claims are:

- $1,208,750 in unreimbursed operating expenses (*see* MSJ, Doc. No. 85, PAGE ID # 1498-1499, 1508-1509, 1517-1518; *see also* Folland Dec. ¶ 9);

- $7,056, 205 in withheld profits for fiscal year 2022 and $2,330,867 in withheld profits for fiscal year 2023 (*see* MSJ, Doc. No. 85, PAGE ID # 1498-1499, 1510-1517; *see also* Folland Dec. ¶ 9); and

- $47,432,205 in expectation damages (*see* MSJ, Doc. No. 85, PAGE ID # 1523-1525; *see also* Folland Dec. ¶ 9).

The above figures exclude prejudgment interest. (*See* MSJ, Doc. No. 85, PAGE ID # 1524-1525.)

### b. Grounds for Attachment

Of the many statutory grounds for attachment, the ones at issue here are Ohio Rev. Code § 2715.01(A)(7) and (9). Under section (7), attachment is available when "the defendant is about to convert property, in whole or part, into money, for the purpose of placing it beyond the reach of creditors." Under section (9), attachment is available when "the defendant has assigned, removed, disposed of, or is about to dispose of, property, in whole or part, with the intent to defraud creditors." The court should issue an order of attachment as to the Pugliese Center property under section (7) and as to the Steubenville campus property under section (9). (*See* Folland Dec. ¶ 10-19.)

#### 1. The Pugliese Center

Section (7) provides for prejudgment attachment when the defendant is about to convert property to money for purposes of placing it beyond the reach of creditors. Ohio Rev. Code § 2715.01(A)(7).

10

With resolution 2024-23, EGCC expressly admitted it is about to convert the Pugliese Center and its assets to money. And EGCC's counsel's email to SRC's counsel indicates that EGCC plans to spend this money on operating expenses and servicing old debt, stating, "Any proceeds EGCC realizes from the sale will be used to pay ongoing operating expenses and/or outstanding debts. If SRC would like to secure a place in line with EGCC's creditors, it should make a reasonable settlement demand . . . ." (Folland Dec. ¶ 15-17 & Attachment B.) Without prejudgment attachment, the sale will place the money beyond the reach of SRC.

2. The Steubenville Campus

Section (9) provides for prejudgment attachment when the defendant "has assigned . . . or is about to dispose of property, in whole or in part, with the intent to defraud creditors." Ohio Rev. Code § 2715.01(A)(9). In an early case involving a prior statute also providing for attachment when the defendant was about to dispose of property with intent to defraud creditors, the Ohio Court of Appeals said that no overt act in furtherance of the intent was required, and "if the intent to dispose of property is proven that is all that is necessary to bring the plaintiff within the provisions" of the statute. *Calabret v. Vivacqua*, 145 N.E.2d 420, 421 (7th Dist. 1956).

When it accepted the gift of land in the 1967 deed, the college effectively assigned the Steubenville campus property to Jefferson County in the event that it falls out of educational use. (*See Assign*, *Black's Law Dictionary* (11th ed. 2019) ("to transfer (rights or property) . . . .") As the praise heaped upon the 1967 commissioners' foresight by today's county officials demonstrates, the reverter clause providing for the return of the property was done to mitigate risk. And the current county commissioners, prosecutor, and auditor have pledged to do everything in their power (and their outside law firm's power) to keep EGCC's creditors from the property should it wind up back with the county. An order of prejudgment attachment is

11

therefore integral to SRC's ability to combat the operation of the reversionary assignment to shield the property. And it is appropriate under Section (9) because this assignment and/or imminent disposition of property will have the effect of cutting SRC out of the line as a judgment creditor.

    **c. Description, Location, Use, and Approximate Value of Property**

The property to be attached is as follows.

    1. <u>The Pugliese Center</u>

The Pugliese Center property is Jefferson County Parcel No. 07-11934-001, consisting of a building and surrounding land, located at 110 John Scott Highway, Steubenville, Ohio, plus moveable assets therein and thereon. (*See* Folland Dec. 21.) The Jefferson County Auditor values the real property at $2,015,400. (*See id*.) SRC does not know the value of the moveable assets subject to the contemplated sale to Steubenville schools. To the best of SRC's knowledge, EGCC has put the property to educational and administrative use. (*Id*. at ¶ 22.)

    2. <u>The Steubenville Campus</u>

The Steubenville campus property is Jefferson County Parcel No. 08-01519-000, consisting of a building and surrounding land, located at 4000 Sunset Blvd., Steubenville, Ohio, plus moveable assets therein and thereon. (Folland Dec. ¶ 20.) The Jefferson County Auditor values the real property at $ 12,666,810. (*Id*.) SRC does not know the value of the moveable assets subject to the contemplated sale to Steubenville schools. To the best of SRC's knowledge, EGCC has put the property to educational and administrative use. (*Id*. at ¶ 22.)

    **d. Likelihood of Judgment**

For the reasons stated in SRC's motion for summary judgment (ECF No. 85), incorporated herein by reference, SRC is likely to obtain a judgment on its claims against EGCC. In summary,

- EGCC owes SRC profit-sharing under the Agreement, for fiscal years 2022 and 2023, yet EGCC has refused to make those payments (ECF No. 85, PAGE ID # 1510-1517); and
- EGCC owed SRC expectation damages for the above breaches of the Agreement plus EGCC's violation of Title IV and the Agreement's non-competition clause (ECF No. 85, PAGE ID # 1518-1524).

The court has already found that SRC is likely to succeed on its non-compete claim (ECF No. 14) and a claim for withholding profit-sharing payments for fall semester 2021 and before (ECF No. 23). SRC is similarly likely to succeed on all of its claims.

   e. **Bond**

The Court should require a nominal bond in this case. Under Ohio Rev. Code § 2715.044, "[a]n order of attachment issued by a court shall not be effective until the plaintiff that filed the motion for attachment files with the court a bond to the defendant against whom the motion was filed, executed by the plaintiff's surety . . . ." While an order of attachment is not "effective" until the plaintiff files a bond, Ohio Rev. Code § 2715.044 "does not require that this bond be executed at the time an order is sought." *Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC*, No. 1:16 CV 2395, 2016 WL 6821980, at *2 (N.D. Ohio Nov. 18, 2016).

And while the statute identifies a bond "in an amount twice the approximate value of the property to be attached under the order," *id.*, the Sixth Circuit has called a district court's requirement of a nominal $500 bond in a case in which the attached property was to remain in

13

the possession of the defendant, "eminently reasonable." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 628-29 (6th Cir. 2013). Here, as in *Williamson*, the attached property will remain in EGCC's possession, and SRC requests the Court to set a similarly nominal bond.

### f. Praecipe and Hearing

SRC has complied with the statutory requirement to notify EGCC of this motion and of its right to a hearing. *See* Ohio Rev. Code § 2715.041. Along with this motion, SRC filed a praecipe asking the clerk to send EGCC the notice set forth in section 2715.041. (*See* Folland Dec. ¶ 23.) And SRC has served EGCC's counsel with the motion by operation of the Court's electronic filing system. (*Id*. at ¶ 24.)

Under Ohio Rev. Code § 2715.04, EGCC may receive a hearing on this motion if it files a written request within five business days of receiving the above-mentioned notice from the clerk. Section 2715.045 provides, "If a written request for a hearing is not received by the court within the prescribed time and the court does not grant a continuance of the scheduled hearing . . . the hearing scheduled pursuant to section 2715.043 of the Revised Code immediately shall be canceled and the court *shall* issue an order of attachment in accordance with division (A) of section 2715.042 of the Revised Code." (Emphasis added.)

### Conclusion

For the foregoing reasons, SRC respectfully asks the Court to enter an order of prejudgment attachment as to real property comprising Parcels Nos. 07-11934-001 and 08-0159-000 in Jefferson County, Ohio, and the assets therein or thereon, belonging to Defendant Eastern Gateway Community College ("EGCC").

Dated:  June 5, 2024           Respectfully submitted,

*/s/ Robert C. Folland*
C. David Paragas (0043908)
Robert C. Folland (0065728) (Trial Attorney)
David M. DeVillers (0059456)
Michelle M. Nicholson (0099833)
Jeff A. Bartolozzi (0095664)
BARNES & THORNBURG LLP
41 S. High Street, Ste. 3300
Columbus, Ohio 43215-6104
Telephone: (614) 628-1401
David.Paragas@btlaw.com

*Attorneys for Plaintiff Student Resource Center, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024, a copy of forgoing was filed electronically via the Court's CM/ECF filing system and served on all counsel of record.

*/s/ Robert C. Folland*

Robert C. Folland